UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD MERRILL CLUMM,

Petitioner,

v.  Case No: 6:17-cv-445-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.
_____/

## ORDER

The Court conducted an evidentiary hearing on January 23, 2020, regarding Donald Merrill Clumm's Petition for Writ of Habeas Corpus ("Petition," Doc. 1), pursuant to 28 U.S.C. § 2254.[1] The evidentiary hearing concerned Claim One, wherein Clumm alleged that counsel rendered ineffective assistance by failing to advise him of the maximum prison exposure he faced if he refused the State's plea offer. After the evidentiary hearing, both parties filed their written closing arguments. (Docs. 51, 53).

I. PROCEDURAL BACKGROUND

The Procedural Background of this case is set forth in the Court's August 27, 2019 Order (Doc. 29) and is incorporated herein.[2]

---

[1] Petitioner also filed an accompanying Memorandum of Law (Doc. 3).

[2] Petitioner raised seven claims in the Petition. Claims Two, Three, Four, Five, Six, and Seven were denied and dismissed with prejudice. (Doc. 29).

## II. ANALYSIS

In Claim One, Clumm states that trial counsel was ineffective for failing to advise him "of the maximum prison exposure he faced if he refused the State's plea offer." (Doc. 1 at 5). According to Clumm, he would have accepted the State's plea offer had he known that the rejection thereof "exposed him to 30 years in prison." (*Id.* at 6). It does not appear that this claim was raised with the state courts and, thus, it is procedurally defaulted. However, Clumm argues that this claim should be considered pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).[3]

The state charged Clumm with burglary of an automobile (Case Number 2012-CF-1095) in violation of Florida Statutes § 810.02(4). (Doc. 14-1 at 18). At the same time, the state also charged Clumm with violation of his probation stemming from an earlier conviction of aggravated battery (Case Number 2008-CF-5107) in violation of Florida Statutes § 784.045(1)(A)(1). (Doc. 14-1 at 15). Each of these convictions carried a maximum sentence of fifteen years imprisonment.

At the pretrial conference, the State informed the trial court that Clumm qualified as "a violent career criminal" ("VCC") and that it had made a plea offer of "seventy

---

[3] Under *Martinez*, a prisoner may establish cause for the default of a claim of ineffective assistance of trial counsel by showing that: (1) post-conviction counsel was ineffective under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) the defaulted claim is a "substantial one," which means that the prisoner must show that "the claim has some merit." *Martinez*, 566 U.S. at 14.

2

months prison." (Doc. 14-4 at 2-3). The State noted that there was a minimum mandatory sentence of ten years' imprisonment. (*Id.*). The State also filed in open court a Notice of Intention to Seek Sentencing As Violent Career Criminal ("Notice"), which was served on Clumm.[4] (Doc. 14-1 at 76; Doc. 14-4 at 4). The Notice revealed a "Maximum Prison Exposure" of "15 Years Prison," and a minimum mandatory sentence of "10 years prison." (Doc. 14-1 at 76).

It is Clumm's position that, by rejecting the plea offer, he was actually facing the possibility of a sentence of thirty years—fifteen years in the burglary of a conveyance case and fifteen years in the violation of probation case. According to Clumm, his counsel never informed him of the possibility of a thirty-year sentence. (Doc. 1 at 6). Clumm states that he would have accepted the offer of seventy months if he had been properly advised by counsel of the actual sentence he was facing. (*Id.*).

This Court concluded that an evidentiary hearing was warranted on Claim One to determine whether Clumm was entitled to relief under *Martinez*. At the evidentiary hearing, Clumm testified on his own behalf, and Sterling testified on behalf of Respondents.

---

[4] Petitioner acknowledges in the Petition that he received a copy of the Notice at the August 16, 2012, hearing. (Doc. 1 at 6).

### 1. *Testimony of Clumm*

Clumm testified that he was on probation when he was arrested in 2012 for burglary of an automobile. The arrest was a basis to violate Clumm's probation. The state court appointed the Public Defender's office to represent Clumm in the burglary case and the violation of probation case.

In May 2012, Clumm sent a letter to his initial assistant public defender, Wayne Culver, explaining that, with regard to the burglary charge, he would like to enter a plea to trespassing. (Petitioner's Exhibit 1). Clumm testified that at the time he wrote the letter, he had not been informed of his minimum or maximum sentencing exposure.

Later, Scott Sterling, who had been an assistant public defender since 2006, was assigned to represent Clumm. In June 2012, Clumm informed Sterling that, with regard to the burglary charge, he would like to plea to the lesser offense of trespass. (Petitioner's Exhibit 2). Clumm testified that at the time he wrote the letter, he and Sterling had not discussed the possible penalties involved in the cases and that he was unaware of a possible VCC enhancement.

The state court conducted a pretrial conference on August 16, 2012. At the commencement of the hearing, the judge announced that both the 2008 violation of probation case and the 2012 burglary case were being addressed. Clumm met with Sterling immediately prior to the hearing while Clumm was seated in the jury box. The meeting lasted less than five minutes. Sterling informed Clumm that the State had offered him a plea of 70 months, which was concurrent for both cases; that the State was

seeking to classify him as a VCC; that he was facing a sentence of fifteen years; and that, if the plea was rejected, the maximum sentence would be fifteen years. At no time did Sterling inform Clumm that he was exposed to a consecutive sentence for violation of probation. Likewise, no one informed him at the pretrial conference as to the sentencing exposure for the violation of probation case. According to Clumm, "no one ever said anything about consecutive sentencing."

It was Clumm's understanding that if he rejected the plea offer, his sentencing exposure would be ten years, which was the minimum mandatory sentence for the burglary case. Clumm did not believe that he qualified as a VCC and, thus, did not believe that he faced a sentence of fifteen years. Clumm stated that he decided to "take a gamble." The gamble involved whether to accept the offer of 70 months' imprisonment or proceed to trial with the potential sentence of ten years if he lost. According to Clumm, "they acted like they didn't know [the violation of probation case] existed." Clumm did not become aware that the State was seeking consecutive fifteen-year sentences until he reviewed the sentencing memorandum, which was filed after the trial in the burglary case.

Clumm testified that, had he known that his total exposure was two consecutive sentences of fifteen years, he would have accepted the plea offer of seventy months. In 2012, Clumm was fifty-four or fifty-five years old. Thus, he would not have risked a thirty year sentence because he would not be released from prison until after the age of eighty.

### 2. *Testimony of Sterling*

The State provided the plea offer in the burglary case at the pretrial conference. The State informed Sterling that, if the offer was rejected, it would seek the VCC designation. Sterling testified that the trial court would have accepted the plea offer.

Sterling spoke to Clumm for about five to ten minutes about the plea offer on the day of the pretrial conference. Sterling told him that the plea offer involved both cases and was for seventy months, with the sentences to run concurrently. Sterling also informed him that the State would seek a VCC designation if the offer was rejected.

Sterling's practice is to advise his clients of their maximum possible sentence. But he does not recall having a specific conversation with Clumm about the possibility of a thirty-year sentence if Clumm rejected the plea offer. In fact, Sterling stated that he did not "have any specific recollection" of speaking with Clumm about the potential maximum sentence of thirty years or the possible exposure to consecutive fifteen-year sentences. Moreover, Sterling has nothing in writing stating that he told Clumm about the possibility of a thirty-year sentence.

### 3. *Legal Standard*

To establish an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard applies to "ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *see also Missouri v. Frye*, 566 U.S. 134, 140

(2012). To demonstrate prejudice in the plea context, "a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). As discussed by the Supreme Court in *Lafler*, 566 U.S. at 162-63:

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel. In *Hill*, the Court held the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. The performance prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard of reasonableness.

(Citations omitted) (quotations omitted).

4. *Findings of Fact and Conclusions of Law*

After a careful weighing of the evidence and viewing the witnesses and their demeanor while testifying, the Court finds Clumm's testimony to be credible. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). Both Clumm and Sterling agree that they only had a short meeting about the plea while Clumm was in the jury box waiting for the pretrial conference. Sterling informed Clumm that the State had offered him a plea of seventy months, which was concurrent for both cases, and that the State was seeking to classify Clumm as a VCC. Clumm did not believe that he qualified as a VCC so he believed that his maximum sentencing exposure for both cases was ten years, and at no time did Sterling inform Clumm that his maximum sentencing exposure would be thirty years. Sterling admitted that he had no specific recollection of a

conversation with Clumm regarding his sentencing exposure. Likewise, no one at the pretrial conference informed Clumm that his maximum sentencing exposure would be thirty years or that the sentences for the two cases could run consecutively. Clumm did not become aware that the State was seeking consecutive fifteen-year sentences until he reviewed the sentencing memorandum, which was filed after the trial in the burglary case.

Based on Sterling's failure to properly advise him, Clumm decided to "take a gamble." Clumm understood this gamble involved turning down the offer of seventy months and proceeding to trial with the risk of being sentenced to ten years. Had Clumm been fully informed that his total exposure was two consecutive sentences of fifteen years, he would have accepted the plea offer of seventy months.

As mentioned above, this claim was not raised with the state courts. Thus, under *Martinez*, Clumm may establish cause for the default by showing that (1) Sterling was ineffective under the two-prong test of *Strickland*, and (2) the claim was a substantial one. The Court determines that, when presenting the State's offer to Clumm, Sterling's failure to advise Clumm as to his maximum sentencing exposure constituted deficient performance under the *Strickland* standard. In determining whether to accept the plea offer, it was crucial that Clumm understand that losing at trial would expose him to a thirty-year sentence. Sterling failed to provide Clumm with competent and fully informed advice, including an analysis of the sentencing risks he would face in proceeding to trial. Sterling did not provide Clumm with adequate information "to make

8

a reasonably informed decision whether to accept a plea offer." *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quotation omitted) (citation omitted). The failure to properly inform Clumm as to his sentencing exposure clearly satisfies the first prong of the *Strickland* analysis.

Moreover, Clumm has also demonstrated prejudice since he clearly indicated that he would have accepted the plea had he known his sentencing exposure by losing at trial. Clumm's decision to proceed to trial was rooted in the lack of information provided by Sterling with regard to his sentencing exposure. Sterling failed to provide Clumm with critical details about his sentencing exposure and, thus, Clumm lacked the requisite information to weigh his options.

At the evidentiary hearing, Clumm stated that he would have accepted the plea offer. Based on Clumm's age, a sentence of thirty years was essentially a life sentence. It seems quite reasonable that, when faced with a sentence of thirty years, Clumm would have readily accepted the plea offer of seventy months. Further, Sterling stated that the trial court would have accepted the offer, and the offer was more favorable than the sentence actually imposed. *See Missouri v. Frye*, 566 U.S. 134, 147 (2012) (discussing how prejudice is shown from ineffective assistance of counsel when a plea offer has been rejected because of counsel's deficient performance).

Under the circumstances, the Court determines that Clumm received constitutionally ineffective assistance of counsel. Clumm has satisfied both requirements needed for showing a Sixth Amendment violation under *Strickland*.

In addition, the Court finds that this claim is a substantial one for purposes of *Martinez*. A substantial claim is one that has "some merit." *Martinez*, 566 U.S. at 14. In light of the Court's finding that Petitioner received ineffective assistance of counsel, Claim One is substantial such that *Martinez* applies to excuse the procedural default. Consequently, Clumm is entitled to relief on Claim One.

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** in part and **DENIED** in part.

2. The Writ of Habeas Corpus will be conditionally **GRANTED IN PART** as to Claim One. Within ten days from the date of this Order, the State of Florida is directed to offer to Petitioner Donald Merrill Clumm a plea agreement containing the same terms contained in the original offer. That offer was that, in exchange for his guilty pleas to violation of probation in Case Number 2008-CF-5107 and the crime of burglary of a conveyance in Case Number 2012-CF-1095, Clumm would be sentenced to no more than a total of seventy months. Upon Clumm's acceptance of the plea offer, the State of Florida shall vacate the thirty-year sentence imposed on October 10, 2012.

3. The Federal Public Defender's Office shall monitor compliance with this Order and ensure that Clumm is represented by constitutionally effective counsel in state court. Within ten days from the date of this Order, the State shall notify this Court of its compliance with this Order.

4. The Court previously denied Claims Two, Three, Four, Five, Six, and Seven and dismissed them with prejudice. The Court denies a certificate of appealability as to these claims 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.

5. The Clerk of the Court is directed to enter judgment conditionally granting relief in favor of Clumm as to Claim One and in favor of Respondents on all remaining claims and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record